**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01767-SRC |
| | ) | |
| JUDGE MISSEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum and Order

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee. Doc. 2. Based on the financial information provided by Engel, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court dismisses Engel's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Engel has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information provided by Engel, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Engel cannot pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in the complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Engel is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.[1] Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

Engel brings the instant action pursuant to 42 U.S.C. § 1983, naming Judge Missey and the Missouri Courts as defendants. Doc. 1 at 2-3. Judge Missey is sued in both an official and individual capacity. Doc. 1 at 2. In the "Statement of Claim," Engel explains that "[t]his is over

---

[1] In his handwritten complaint, Engel appears to indicate that he is a "civilly committed detainee." Doc. 1 at 2. However, Engel has also provided his prison registration number, and has acknowledged that he is being held at the ERDCC, a state correctional facility. His motion for leave to proceed in forma pauperis also indicates he is incarcerated at the ERDCC. Doc. 2. Moreover, review of the Missouri Department of Correction's online records shows that Engel is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that Engel is a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

the fact" that Judge Missey belittled him and made "a mockery of the courtroom."  Doc. 1 at 3.
He accuses Judge Missey of disrespecting his position as a judge, of "mind raping" him, and of
"laughing at giving [him] 10 years."  Engel notes that Judge Missey allegedly found "it funny" to
take him away from his kids and family.

As a result of this incident, Engel states that he suffered unspecified injuries to his rights,
his physical and mental health, and his freedom.  Doc. 1 at 4.  He seeks $35 trillion in damages, as
well as 10,000,000 in stocks in various countries. Doc. 1 at 5.

**Discussion**

Engel is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983,
naming Judge Missey and the Missouri Courts as defendants.  For the reasons discussed below,
this action must be dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).

**A.  Official Capacity Claim Against Judge Missey**

In an official capacity claim against an individual, the claim is actually "against the
governmental entity itself."  *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a
"suit against a public employee in his or her official capacity is merely a suit against the public
employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also
Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit
against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of
Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public
employees in their official, rather than individual, capacities sues only the public employer"); and
*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public
official in his official capacity is actually a suit against the entity for which the official is an agent").

4

In this case, Engel asserts that Judge Missey is employed by the "Jefferson County Courts." Doc. 1 at 2.  To the extent that Judge Missey is employed by Jefferson County, Engel's official capacity claim would be against the county itself.  Such a claim against a local governing body can be brought under 42 U.S.C. § 1983.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  In order to prevail, Engel must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8ᵗʰ Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").  Thus, there are three ways in which Engel can prove the liability of Jefferson County.

First, Engel can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."  *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).  For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise.  *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007).  However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers."  *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted

and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, Engel can establish a claim of liability based on an unconstitutional "custom." In order to do so, Engel must demonstrate:

1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)  That Engel was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, Engel can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise.  To do so, Engel must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Engel does not need to specifically allege the existence of an unconstitutional policy or custom.  *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists.  *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Engel has not presented any facts supporting the proposition that Jefferson County has an unconstitutional policy or custom.  Furthermore, there are no facts indicating that Jefferson County has been deliberately indifferent in failing to train or supervise its employees.  Instead, the

entirety of Engel's "Statement of Claim" consists of his contention that, on a single occasion, Judge Missey was disrespectful towards him in court. This is entirely inadequate to state a municipal liability claim against Jefferson County. Therefore, to the extent that Judge Missey is employed by Jefferson County, the official capacity claim against Missey must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

To the extent that Judge Missey is employed by the State of Missouri, Engel's official capacity claim would fail for two reasons. First, 42 U.S.C. § 1983 provides for "a cause of action against persons only." *See Deretich v. Office of Admin. Hearings,* 798 F.2d 1147, 1154 (8th Cir. 1986). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Because Engel is missing an essential element of a § 1983 claim, it must be dismissed.

Second, Engel's official capacity claim is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover*

7

*Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").  The Eleventh Amendment also bars a claim for money damages against a state employee sued in an official capacity.  *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment.  *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992).  "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language."  *Id*.  The second exception is when a state waives its immunity to suit in federal court.  *Id*. at 65.  A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction."  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).  Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court.  *See Will*, 491 U.S. at (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States").  The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity

in this type of case.  *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, to the extent that Judge Missey is a state employee, the official capacity claim against him would actually be against the State of Missouri itself.  Because Engel's claim is for money damages, it would be barred by the sovereign immunity bestowed by the Eleventh Amendment. Furthermore, as noted above, no exceptions to sovereign immunity exist in this case. Therefore, if Judge Missey is employed by the State of Missouri, the official capacity claim against him must also be dismissed.

**B.  Individual Capacity Claim Against Judge Missey**

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity applies even when the judge is accused of acting maliciously or corruptly.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").  Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances.  *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).  First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994).  "An act is a judicial act if it is one normally performed by a judge and if the

complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982); *see also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

In this case, Engel is not accusing Judge Missey of taking a non-judicial action.  To the contrary, Engel alleges that Judge Missey acted inappropriately during a sentencing hearing, which is clearly judicial in nature. Furthermore, nothing in Engel's brief "Statement of Claim" establishes that Judge Missey did anything in the complete absence of jurisdiction.  Accordingly, Judge Missey has immunity from suit, even to the extent that Judge Missey acted in bad faith or with malice.

Even if judicial immunity did not apply, Engel's individual capacity claim would still fail, because Engel has not stated a claim.  "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016).  Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).  A plaintiff bringing a § 1983 action

must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8ᵗʰ Cir. 2015).

Here, Engel has not demonstrated that Judge Missey deprived him of a constitutionally protected federal right.  That is, despite alleging that Judge Missey belittled him, disrespected him, and laughed at him, Engel has not established that any of these actions involved his constitutional rights being violated.  As Engel has not properly alleged this element of a 42 U.S.C. § 1983 action, his claim must be dismissed.

### C.  Claim Against the Missouri Courts

Engel has named the Missouri Courts as a defendant in this action. However, state courts are not suable entities pursuant to 42 U.S.C. § 1983, because they are protected by sovereign immunity under the Eleventh Amendment. *Mildfelt v. Circuit Court of Jackson Cty., Mo.*, 827 F.2d 343, 345 (8th Cir. 1987); *see also Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment").  As previously discussed, no exceptions to sovereign immunity are applicable in this case. Therefore, the claim against the Missouri Courts must be dismissed.

### D.  Malicious Litigation

Finally, the Court dismisses this action because it appears to be malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).  Since filing this action, Engel has filed over one hundred other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials.  Engel submits the pleadings in bulk, and he specifies

that he intends each set of pleadings to be docketed as an individual civil action.  The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right.  *See Spencer*, 656 F. Supp. at 461–63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits).  This action is subject to dismissal for this reason, as well.

Having considered the instant complaint and supplemental document, as well as Engel's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit Engel leave to file an amended complaint in this action.  The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Engel is cautioned to avoid the practice of repeatedly filing meritless lawsuits.  First, a prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*.  Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits.  This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power."  *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted).  This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *see also Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process).  These powers stem from "the control necessarily vested in courts to manage

their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

Accordingly, the Court grants [2] Engel's motion to proceed *in forma pauperis*. The Court orders that Engel shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. The Court instructs Engel to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. Lastly, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith. It is further ordered that an appeal from this dismissal would not be taken in good faith.

So Ordered this 29th day of January 2021.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE